UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEONTE DESHAWN DEXTER,

        Petitioner,

                                              Case No. 4:13-CV-11495
v.                                        Honorable Linda V. Parker

CATHERINE BAUMAN,

        Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Deonte Deshawn Dexter ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions and sentences. Petitioner pleaded guilty to third-degree fleeing and eluding a police officer, Mich. Comp. Laws § 750.602a(3)(a), resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1), felon in possession of a firearm, second offense, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, second offense, Mich. Comp. Laws § 750.227b, in the Saginaw County Circuit Court. He was sentenced, as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent terms of 6

months to 10 years imprisonment on the fleeing and eluding and felon in possession convictions, a concurrent term of 6 months to 4 years imprisonment on the resisting and obstructing conviction, and a consecutive term of 5 years imprisonment on the felony firearm conviction in 2011.

In his pleadings, Petitioner raises claims concerning the habitual offender notice, the pre-sentence investigation report, his eligibility to serve some of his sentence in the county jail, and the effectiveness of defense counsel relative to those issues. Respondent has filed an answer to the petition contending that the claims lack merit. For the reasons that follow, the Court denies the petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.  FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from his flight from a police officer who was trying to pull him over in Saginaw, Michigan on December 23, 2010. Petitioner led police on a chase during which he threw a gun out of his car. After he stopped his car, Petitioner also ran from the police on foot. At the time of the incident, Petitioner was a felon and not eligible to possess a firearm.

Petitioner pleaded guilty on May 26, 2011. At the plea hearing, the trial court advised Petitioner of the charges and possible penalties, the rights that he

would be giving up by pleading guilty, and the terms of the plea agreement. Petitioner confirmed that he understood those matters and was pleading guilty of his own free will. He also provided a factual basis for his plea. The parties also discussed whether Petitioner would be eligible to serve his 6-month minimum sentences in the county jail. The trial court indicated that it would decide the matter at sentencing, after receiving information from corrections officials. The trial court accepted the plea finding it to be knowing and voluntary.

On June 29 and July 6, 2011, the trial court conducted sentencing hearings. At those hearings, the parties resolved sentencing credit issues and it was determined that Petitioner would serve his 6-month minimum sentences in prison. On July 6, 2011, the trial court imposed sentence.

Following his plea and sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims now presented in his habeas petition. *See infra*. The court denied leave to appeal "for lack of merit in the grounds presented." *People v. Dexter*, No. 307737 (Mich. Ct. App. Feb. 16, 2012) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Dexter*, 815 N.W.2d 439 (Mich. 2012).

Petitioner thereafter filed his federal habeas petition. He raises the following

claims:

> I. The prosecutor's office failed to timely and properly serve the habitual offender notice.
>
> II. Dismissed cases should be removed from his pre-sentence investigation report.
>
> III. He should serve his 6-month sentences in the county jail because the trial judge "had no problem with it" until he reviewed the recommendation in the pre-sentence investigation report.
>
> IV. Defense counsel was ineffective for failing to raise challenges relative to the foregoing issues.

As indicated, Respondent contends that these claims lack merit.

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, provides the standard of review for federal habeas cases brought by state prisoners. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.' " *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case.' " *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.' " *Wiggins*, 539 U.S. at 520-21 (citations omitted). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the

benefit of the doubt.' " *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

Section 2254(d)(1) limits a federal habeas court's review to a determination

of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" and quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.' " *Harrington*, 562 U.S. at 99. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). While the requirements of "clearly established law" are determined by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas

review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV. DISCUSSION

### A. Habitual Offender Notice Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecutor failed to timely and properly serve the habitual offender notice. Petitioner raised this claim on direct appeal. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner's claim that he received inadequate notice of the habitual offender enhancement under Michigan law fails to state a claim which is cognizable upon federal habeas review. *See, e.g., Tolbert v. LeCureaux*, 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993); *see also MacArthur v. Curtin*, No. 13-cv-11307, 2014 WL 3767835, *15-16 (E.D. Mich. July 31, 2014) (Rosen, C.J., adopting report of

Komives, M.J. and citing cases); *Randolph v. Romanowski*, No. 2:06-cv-11201, 2007 WL 4181269, *11 (E.D. Mich. Nov. 27, 2007) (Cleland, J.). It is well-settled that habeas relief may not be based upon a perceived violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Second, due process does not require advance notice that a trial on a substantive criminal charge will be followed by a habitual offender enhancement. Due process only requires that a defendant be given reasonable notice and an opportunity to be heard. *Oyler v. Boles*, 368 U.S. 448, 452 (1962). Petitioner does not dispute that he had notice of the third habitual offender sentencing enhancement at the time of his plea and sentence, nor does he dispute that he had prior felony convictions which justified that enhancement. Due process requires nothing more. *Id*. at 452-54.

Third, Petitioner's challenge to the habitual offender notice is precluded by his guilty plea. It is well-settled that an unconditional guilty plea constitutes a waiver of any antecedent, non-jurisdictional defects in the proceedings. As the Supreme Court has explained:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

9

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Petitioner's claim that the prosecution failed to comply with the notice requirements of the habitual offender statutes is an antecedent, non-jurisdictional error that is waived by his guilty plea. *MacArthur*, 2014 WL 3767835 at *16; *Randolph*, 2007 WL 4181269 at *1; *Tolbert*, 811 F. Supp. 2d at 1241.  Habeas relief is not warranted on this claim.

### B.  Pre-Sentence Investigation Report Claim

Petitioner also asserts that he is entitled to habeas relief because dismissed cases are included in his pre-sentence investigation report and those cases should be removed.  Petitioner raised this claim on direct appeal.  The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner's sentences are within the statutory maximums for a third habitual offender.  *See* Mich. Comp. Laws §§ 750.602a(3)(a), 750.81d(1), 750.224f, 750.227b, 769.11.  Sentences

within the statutory limits are generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Lucey*, 185 F. Supp. 2d at 745.

To the extent that Petitioner asserts that the dismissed cases should be removed from the pre-sentence investigation report as a matter of state law, he fails to state a claim upon which habeas relief may be granted. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68.

Moreover, under Michigan law, a pre-sentence investigation report must include the defendant's criminal history, *see* M.C.R. 6.425(A)(1)(a), and can include arrests that did not result in convictions, as well as uncharged conduct or pending charges (as long a defendant has the opportunity to challenge any contested information). *See* M.C.R. 6.425(A)(1)(l); M.C.R. 6.425(B), (E); *People v. Coone*, No. 309013, 2013 WL 163670, at *3 (Mich. Ct. App. Jan. 15, 2013) (citing *People v. Cross*, 463 N.W.2d 229, 230 (Mich. Ct. App. 1990)); *People v.*

*Hamilton*, No. 239721, 2003 WL 21540386, *1 (Mich. Ct. App. July 8, 2003) (citing cases). Petitioner's dismissed cases were thus properly included in the pre-sentence investigation report as a matter of state law.

The Court notes that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He neither alleges nor establishes that the information about the dismissed cases in the pre-sentence investigation report is inaccurate. Moreover, the record indicates that he had a sentencing hearing with an opportunity to challenge the information contained in the pre-sentence investigation report. No due process violation occurred. Lastly, the Court notes that Petitioner does not even assert that the state trial court relied upon the dismissed cases in imposing his sentence – and a sentencing court has discretion to consider a defendant's past criminal behavior,

even if no conviction resulted from that behavior. *Nichols v. United States*, 511 U.S. 738, 747 (1994). Petitioner fails to establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

### C. County Jail v. Prison Claim

Petitioner next asserts that he is entitled to habeas relief because he should be allowed to serve his 6-month minimum sentences (after the mandatory 5-year felony firearm sentence) in the county jail instead of prison. Petitioner raised this claim on direct appeal, asserting that the trial judge improperly delegated a judicial function to the probation department by following its recommendation for prison time. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. Again, to the extent that Petitioner asserts a violation of state law or procedure, he is not entitled to federal habeas relief. *Estelle*, 502 U.S. at 67-68. In any event, Petitioner's claim is belied by the record. There is no evidence that the state trial court improperly delegated its sentencing authority to the probation department. Rather, the record indicates that the trial court asked for a recommendation about

sentencing and then followed that recommendation. The trial court acted within its discretion in doing so and Petitioner's sentence is appropriate under state law.

Finally, as discussed *supra*, sentences within the statutory limits are generally not subject to federal habeas review, *Townsend*, 334 U.S. at 741, and claims which arise out of a state trial court's sentencing decision are not cognizable upon habeas review unless the petitioner shows that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey*, 185 F. Supp. 2d at 745. Given that the state trial court acted within its discretion in imposing Petitioner's sentence and given that his sentence is within the statutory limits and authorized by state law, Petitioner fails to establish a violation of his federal constitutional rights. Habeas relief is not warranted on this claim.

### D.  Ineffective Assistance of Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to raise challenges relative to the forgoing issues. Petitioner raised this claim on direct appeal. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' decisions are neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. The

Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

15

proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

In this case, Petitioner's claim that defense counsel was ineffective for failing to object to the habitual offender notice involves a non-jurisdictional error during the pre-plea period. Consequently, it is waived by his guilty plea. *See* discussion *supra*; *Tollett*, 411 U.S. at 267. Additionally, as to all of the foregoing

16

claims, Petitioner fails to establish that defense counsel erred and/or that he was prejudiced by counsel's conduct because his underlying claims of error lack merit. Defense counsel cannot be deemed deficient for failing to make futile or meritless objections. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000). Petitioner fails to establish that defense counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

## V.  CONCLUSION

Based upon the foregoing discussion, the Court concludes that Petitioner's claims lack merit and do not warrant relief. The Court therefore is denying his request for habeas relief.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

"A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner fails to meet this standard. He has not made a substantial showing of the denial of a constitutional right as to his claims. The Court therefore is denying a certificate of appealability. The Court also is denying Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court declines to issue a certificate of appealability or leave to appeal in forma pauperis.

                                          S/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: April 16, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 16, 2015, by electronic and/or U.S. First Class mail.

                                          S/ Richard Loury
                                          Case Manager